IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARREL L. COPELAND,<br><br>Plaintiff,<br><br>v.<br><br>MCCRAY et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-803-CFC-EGT |

**REPORT AND RECOMMENDATION**

Plaintiff Darrel L. Copeland, an inmate at James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED, with certain claims being DISMISSED WITH PREJUDICE.

## I. BACKGROUND

On May 20, 2025, Defendant McCray apparently ordered Plaintiff to lock in his cell and secure the door. (D.I. 2 ¶¶ 1 & 2). Plaintiff alleges that Defendant McCray then became "irate," started disrespecting Plaintiff and made him and his cellmate "strip out." (*Id.* ¶¶ 3 & 4). Officer Figuroa[1] then strip-searched Plaintiff and his cellmate. (*Id.* ¶ 5). Later that day, Plaintiff claims that Defendant McCray stepped into Plaintiff's cell and "jumped in [his] face hostile and aggressively." (*Id.* ¶ 7). After "exchanging threats" with Plaintiff, Defendant McCray "attacked Plaintiff in the face with a closed fist two times" causing Plaintiff to fall to the ground. (*Id.* ¶ 8).

---

[1] Plaintiff mentions "Defendant Figuroa" in his complaint but fails to name Figuroa as a defendant in the case or assert any claim against him. (D.I. 2). Accordingly, the Court does not consider Figuroa a defendant in this case.

Plaintiff claims he "felt fear for his life and safety and defended himself." (*Id.* ¶ 9). During the ensuing fight between Plaintiff and Defendant McCray, Defendant Carroll entered the cell and sprayed Plaintiff with pepper spray. (*Id.*). Plaintiff alleges that he then got on his knees, and responding officers ran toward him and began "kicking and putting their knees on his back" while he was being compliant and was not resisting. (*Id.* ¶ 10). Following the incident, Plaintiff claims he was falsely imprisoned in segregated housing, unconstitutionally disciplined and continuously "mentally and physically harmed" by the effects. (*Id.* ¶ 15).

On July 6, 2026, Plaintiff filed this action against Defendants McCray, Eric Carroll, Warden Brian Emig, Bureau Chief Robert May and Commissioner Terra Taylor (collectively, "Defendants"). (*See generally* D.I. 2). Plaintiff alleges various constitutional claims against Defendants McCray and Carroll based on their involvement in the foregoing events, as well as claims against Defendants Emig, May, and Taylor for failing to train the correctional officers. (*Id.* ¶¶ 11-15). Plaintiff sues Defendants in their individual and official capacities and seeks only money damages. (*Id.* at 1 & 8).[2]

## II. LEGAL STANDARDS

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners

---

[2] Although Plaintiff lists the Delaware Department of Corrections and James T. Vaughn Correctional Center as defendants in the caption of the Complaint, neither are listed as defendants in the body of the Complaint. (*Compare* D.I. 2 at 1, *with id.* at 3-4). And Plaintiff does not include any detail as to what conduct (if any) renders either entity liable in this case. (*Id.*). The Court therefore does not consider the two entities defendants.

seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff is suing Defendants, McCray, Carroll, Emig, Taylor and May in their individual and official capacities and is seeking money damages. (D.I. 2 at 1 & 8). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam). Therefore, Plaintiff's § 1983 claims for money damages against Defendants in their official capacity are barred by the Eleventh Amendment. Any claims against Defendants in their official capacity should be dismissed and with prejudice.

**B. Eighth Amendment**

Plaintiff claims that (1) Defendants McCray and Carroll used excessive force in punching and pepper spraying him, (2) some unspecified defendants failed to intervene in the aforementioned use of force and (3) Defendants Emig, May and Taylor failed to train correctional officers on appropriate uses of force and pepper spray, all purportedly in violation of the Eighth Amendment. (D.I. 2 ¶¶ 13 & 14). The Court addresses each claim in turn.

1. Excessive Force

Plaintiff asserts excessive force claims against Defendants McCray and Carroll. (D.I. 2 ¶ 13). When reviewing Eighth Amendment excessive-force claims, the court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). To analyze the officer's intent, the Court considers five factors: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response." *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018). The objective component of the excessive force inquiry is satisfied when "the inmate's injury was more than de minimis." *Id.*

Plaintiff claims that Defendant McCray "attacked him in the face with a closed fist two times," which caused Plaintiff to "fall to the ground." (D.I. 2 ¶ 8). This apparently occurred after "Defendant McCray exchang[ed] threats with Plaintiff." (*Id.*). The Court understands this allegation as worded to mean two things: Defendant McCray threatened Plaintiff and Plaintiff threatened Defendant McCray. And that means that Defendant McCray did not attack Plaintiff unprovoked as alleged. Under the circumstances, Plaintiff has failed to plausibly allege that

Defendant McCray acted with the requisite subjective intent to maliciously and sadistically cause harm rather than simply attempting to maintain order (after Plaintiff threatened him). *See Winn v. Delaware*, C.A. No. 02-34, 2003 WL 22415872, at *3 (D. Del. Sept. 30, 2003) (dismissing claim for excessive force because "[p]laintiff's misconduct, as described in his complaint, appears to be disruptive to the general prison population," thus necessitating force to restore discipline); *cf. Gongliewski v. Wyo. Cnty. Corr.*, No. 3:25-CV-00576, 2026 WL 1123498, at *10 (M.D. Pa. Jan. 14, 2026) (finding plaintiff adequately pled claim for excessive force where he alleged that he posed no threat to defendants or any other staff or inmate prior to deployment of pepper spray).

Plaintiff also alleges that Defendant Carroll pepper-sprayed him during the altercation with Defendant McCray. (D.I. 2 ¶ 9). Courts have held that the use of pepper spray may or may not constitute excessive force depending on the circumstances. *See Echols v. Anderson*, No. CV 23-650, 2023 WL 4487767, at *3 (D.N.J. July 12, 2023). If pepper spray is reasonably necessary to "subdue recalcitrant prisoners," the use does not constitute excessive force or cruel and unusual punishment. *Leaphart v. Campbell*, No. 21-1293, 2023 WL 4276463, at *12 (M.D. Pa. June 29, 2023). In response to Defendant McCray "attacking" him with a closed fist, Plaintiff states that he "defended himself from his attacker" and that, "as this fight was taking place," Defendant Carroll deployed the pepper spray. (D.I. 2 ¶ 9). Plaintiff's own words demonstrate that he was actively resisting, undermining any claim that Defendant Carroll acted for any other reason than to restore and maintain order. *See Winn*, 2003 WL 22415872, at *3. Plaintiff has failed to plausibly allege an excessive force claim against Defendants McCray and Carroll, and any such claims should be dismissed.

2. <u>Failure to Intervene</u>

Plaintiff attempts to assert a failure-to-intervene claim. (D.I. 2 ¶ 13). A prison official's "failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation

under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). But Plaintiff does not indicate who failed to intervene in the underlying use of force incident involving him and Defendants McCray and Carroll. Or what opportunity to intervene existed and when. *See Ali v. McAnany*, 242 F. App'x 443, 446 (3d Cir. 2008) (dismissing failure to protect claim where there is no indication officer witnessed alleged misconduct); *see also Ball v. Beard*, No. 1:09-CV-845, 2011 WL 7148187, at *11 (M.D. Pa. Oct. 17, 2011). To the extent that Plaintiff attempts to assert a failure-to-intervene claim against either Defendant McCray or Carroll for not intervening in the other's conduct, such a claim would necessarily fail. There is no indication that either Defendant had enough time to reasonably react to the other's conduct. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *see also Est. of Testa v. Fallick*, No. 18-CV-15257, 2023 WL 3614495, at *7 (D.N.J. May 24, 2023) ("[W]here an officer is alleged to have participated in the constitutional violation, a plaintiff may not simultaneously assert a failure-to-intervene claim against that same officer."). More importantly, as alleged, neither Defendant was employing excessive force – and there can be no failure to intervene when the underlying incident is not a constitutional violation. *See Smith v. Mesinger*, 293 F.3d 641, 650-51 (3d Cir. 2002). Plaintiff has failed to state any plausible failure-to-intervene claim, and any such claims should be dismissed.

3. Failure to Train

Plaintiff claims that Defendants Emig, Taylor and May failed to train their officers on "how to properly handle 1-on-1 situations with inmates or proper shakedowns[ and] the proper use of pepper spray." (D.I. 2 ¶ 11). To state a failure-to-train claim under § 1983, a plaintiff must allege that the supervisor's failure to train employees amounts to "deliberate indifference to the rights of persons with whom the untrained employees came into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (cleaned up). A plaintiff "must identify a failure to provide specific training that has

a causal nexus with their injuries and must demonstrate that the absence of that training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Plaintiff's bald assertion that defendants failed to train their officers is conclusory and insufficient to state a plausible claim for relief. *See Sullins v. Phelps*, C.A. No. 19-153-RGA, 2020 WL 550833, at *3 (D. Del. Feb. 4, 2020). The Court thus recommends that these Defendants and claims be dismissed.

**C. Assault, Battery and False Imprisonment**

The Complaint makes passing reference to "Assault and Battery." (D.I. 2 ¶ 14). The Court construes this to be a claim for assault and battery under Delaware law. Assault requires that the officer acted with the intent to cause imminent apprehension of harmful or offensive contact, and Plaintiff is put in such imminent apprehension. *Jagger v. Schiavello*, 93 A.3d 656, 660 n.12 (Del. Super. Ct. 2014). Battery requires that the officer intentionally initiated contact with Plaintiff that resulted in harmful or offensive contact without his consent. *See Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995). Additionally, for both claims, Plaintiff must allege facts that would strip Defendants McCray and Carroll of the immunity they are afforded as state employees under the Delaware State Tort Claims Act. DEL. CODE ANN. tit. 10 § 4001. Under the Act, a state employee is exempted from civil liability if the complained-of act (1) relates to official duties, (2) was performed under good faith belief that public interest would be served by the act and (3) was done without gross and wanton negligence. *Id.* Plaintiff has failed to allege facts – plausible or otherwise – that negate any of these elements. *Smith v. Angelo*, C.A. No. 14-1066, 2017 WL 2276985, at *10 (D. Del. May 25, 2017) (plaintiff must allege facts that negate one of the requirements). Therefore, the Court recommends the assault and battery claims be dismissed.

Plaintiff also claims that he was falsely imprisoned in segregated housing and unconstitutionally disciplined. (D.I. 2 ¶ 14). Plaintiff fails to allege ***who*** falsely imprisoned or

unconstitutionally disciplined him. *See Rode*, 845 F.2d at 1207. Plaintiff's claim for false imprisonment should be dismissed.

**D. Conspiracy**

Plaintiff includes a single sentence in his complaint alleging a conspiracy. (D.I. 2 ¶ 12). Plaintiff fails to plausibly plead that Defendants acted in concert to deprive Plaintiff of any constitutional rights. Bald assertions and legal conclusions are insufficient. *Iqbal*, 556 U.S. at 679. The Court thus recommends the conspiracy claim be dismissed. *See Sullins v. Phelps*, C.A. No. 19-153-RGA, 2020 WL 550833, at *2-3 (D. Del. Feb. 4, 2020).

* * *

As set forth above, the Court recommends dismissal of all claims from the Complaint. Plaintiff's official capacity claims against Defendants for money damages should be dismissed with prejudice because amendment would be futile in light of sovereign immunity. As to the remaining dismissed claims, the Court is unable to conclude at this point that amendment would be futile and, as such, recommends that these claims be dismissed with leave to amend. Any amended pleading filed by Plaintiff must be a comprehensive pleading that stands by itself without reference to previously filed (and dismissed) pleadings and which sets forth the claims in short, concise statements with adequate factual support.

## IV. CONCLUSION

For the reasons set forth below, the Court recommends that all individual capacity claims against Defendants McCray, Carroll, Emig, Taylor and May be DISMISSED WITHOUT PREJUDICE and that Plaintiff's official capacity claims for money damages against Defendants be DISMISSED WITH PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to six (6) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: November 5, 2026

UNITED STATES MAGISTRATE JUDGE